UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENNIS CLARK,

                Plaintiff,

- against -

LOCAL MEDIA GROUP, INC.,

                Defendant.

Case No. 1:19-cv-00783-JPO

## ANSWER

Defendant Local Media Group, Inc. ("LMG" or "Defendant"), by and through its undersigned counsel, hereby answers the Complaint in the above-captioned matter filed by Plaintiff Dennis Clark ("Clark" or "Plaintiff") as follows:

## NATURE OF THE ACTION

1. To the extent paragraph 1 asserts legal conclusions, no response is required. LMG admits that this action purports to assert a claim for copyright infringement under Section 501 of the Copyright Act and a claim for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act, and that the Complaint seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. §§ 101 *et seq*. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint and, on that basis, denies those remaining allegations.

## JURISDICTION AND VENUE

2. To the extent paragraph 2 asserts a legal conclusion, no response is required. LMG admits that this action purports to assert claims pursuant to the Copyright Act of 1976, 17 U.S.C.

§§ 101 *et seq.*, and that this Court generally has subject matter jurisdiction over federal copyright infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. To the extent paragraph 3 asserts a legal conclusion, no response is required. LMG admits that it transacts business within the State of New York and that this Court has personal jurisdiction over it.

4. To the extent paragraph 4 asserts a legal conclusion, no response is required. LMG admits that venue is proper in this District.

## PARTIES

5. LMG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and, on that basis, denies those allegations.

6. In response to the allegations contained in Paragraph 6 of the Complaint, LMG admits that it is a foreign limited liability company duly organized and existing under the laws of Delaware, with a place of business at 40 Mulberry Street, Middletown, New York 10940. LMG admits that it is registered with the New York Department of State Division of Corporations to do business in the State of New York. LMG admits it has owned and operated a website at the URL: www.recordonline.com (the "Website").

## STATEMENT OF FACTS

**A. Background and Plaintiff's Alleged Ownership of the Photograph**

7. LMG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and, on that basis, denies those allegations.

8. LMG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and, on that basis, denies those allegations.

9. LMG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and, on that basis, denies those allegations.

10. LMG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and, on that basis, denies those allegations.

**B.  Defendant's Alleged Infringing Activities**

11. LMG admits that on or about May 2, 2018, it published a news article on the Website titled "Cuomo holds big lead over Cynthia Nixon in latest poll," and that Exhibit C referenced in paragraph 11 appears to be a copy of that news article and a screenshot of the accompanying photograph. LMG states that the news article and Exhibit C speak for themselves, refers to those documents for their true and complete contents, and expressly denies any characterization of those documents by Plaintiff. To the extent further response is required, LMG denies the allegations in paragraph 11 of the Complaint.

12. LMG admits the allegations in paragraph 12 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

13. LMG repleads and incorporates herein by reference, as though fully set forth herein, each and every admission, denial, or objection made in this Answer in response to the paragraphs incorporated by reference into paragraph 13 and the 17 U.S.C. §§ 106, 501 Copyright Infringement claim against Defendant.

14. LMG denies the allegations in paragraph 14 of the Complaint.

15. To the extent paragraph 15 asserts a legal conclusion, no response is required. LMG denies the factual allegations in paragraph 15 of the Complaint.

16. LMG denies the allegations in paragraph 16 of the Complaint.

17. To the extent paragraph 17 asserts a legal conclusion, no response is required. LMG denies the factual allegations in paragraph 17 of the Complaint.

18. To the extent paragraph 18 asserts a legal conclusion, no response is required. LMG denies the factual allegations in paragraph 18 of the Complaint.

19. To the extent paragraph 19 asserts a legal conclusion, no response is required. LMG denies the factual allegations in paragraph 19 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION**
**AGAINST DEFENDANT)**
**(17 U.S.C. § 1202)**

20. LMG repleads and incorporates herein by reference, as though fully set forth herein, each and every admission, denial, or objection made in this Answer in response to the paragraphs incorporated by reference into paragraph 20 and the 17 U.S.C. § 1202 Integrity of Copyright Management Information claim against Defendant.

21. In response to the allegations contained in paragraph 21 of the Complaint, LMG admits those allegations only insofar as stating that the photograph was published on the Website without the gutter credit, but lacks sufficient knowledge or information to form a belief as to the truth of the balance of the allegations in paragraph 21 of the Complaint and, on that basis, denies those allegations.

22. LMG denies the allegations in paragraph 22 of the Complaint.

23. To the extent paragraph 23 asserts a legal conclusion, no response is required. LMG denies the factual allegations in paragraph 23 of the Complaint.

24. LMG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and, on that basis, denies those allegations.

25. LMG denies the allegations in paragraph 25 of the Complaint.

26. To the extent paragraph 26 asserts a legal conclusion, no response is required. LMG denies the factual allegations in paragraph 26 of the Complaint.

27. To the extent paragraph 27 asserts a legal conclusion, no response is required. LMG denies the factual allegations in paragraph 27 of the Complaint.

**PRAYER FOR RELIEF**

LMG denies that Plaintiff is entitled to any of the relief described in his Prayer for Relief, or to any other relief.

**DEFENSES**

LMG incorporates by reference its foregoing responses to the paragraphs of the Complaint as if fully set forth herein. LMG asserts the following affirmative and other defenses to the claims asserted in the Complaint, without assuming any burden of pleading or proof that would otherwise rest on Plaintiff.

**FIRST DEFENSE**
**(Failure to State a Claim)**

1. The Complaint, and each claim for relief alleged, fails to state facts sufficient to constitute a claim for relief against Defendant and fails to meet the pleading standards of the Federal Rules of Civil Procedures.

**SECOND DEFENSE**
**(Laches)**

2. Plaintiff's claims are barred, in whole or in part, by laches.

**THIRD DEFENSE**
**(Waiver)**

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTH DEFENSE
## (Estoppel, Consent, *Res Judicata*, Waiver)

4. Plaintiff's claims are barred, in whole or in part, by the doctrines of equitable estoppel, consent, *res judicata*, waiver, and collateral estoppel.

## FIFTH DEFENSE
## (Acquiescence)

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

## SIXTH DEFENSE
## (Failure to Mitigate Damages)

6. Plaintiff's claims are barred, in whole or in part, because he failed to mitigate alleged damages.

## SEVENTH DEFENSE
## (Unclean Hands)

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH DEFENSE
## (Statute of Limitation)

8. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## NINTH DEFENSE
## (Fair Use)

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

## TENTH DEFENSE
## (Non-Infringement)

10. LMG does not infringe and has not infringed any valid, enforceable copyright, statutory, common law, or otherwise.

## ELEVENTH AFFIRMATIVE DEFENSE
## (No Willfulness)

11. Any infringement by LMG was inadvertent and not willful.

## TWELFTH DEFENSE
## (Release)

12. Plaintiff's claims are barred, in whole or in part, to the extent he has released, settled, entered into an accord and satisfaction or otherwise compromised his claims by any means.

## THIRTEENTH DEFENSE
## (No Actual Damages)

13. Plaintiff has suffered no actual damages.

## FOURTEENTH DEFENSE
## (Standing)

14. Upon information and belief, Plaintiff's licensee applied the gutter credit to the Photograph, and Plaintiff therefore lacks standing to challenge conduct allegedly harmful to copyright integrity.

## RESERVATION OF RIGHTS AND DEFENSES

LMG reserves the right to assert additional affirmative and other defenses as it becomes aware of them, and as discovery proceeds in this case.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial on all issues triable to a jury.

## DEFENDANT'S PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for relief as follows:

1. That Plaintiff takes nothing by way of the Complaint and the Court dismiss the Complaint with prejudice;

2. That the Court enter judgment that Defendant is the prevailing party in this action;

3. That the Court award Defendant all costs, expenses, and attorneys' fees to which it is entitled under applicable law; and

4. That the Court award any and all other relief to which Defendant may be entitled.

Dated: March 20, 2019

GREENBERG TRAURIG LLP

 /s/ William A. Hurst
William A. Hurst (Bar Roll No. WH-0788)
Michael J. Grygiel (*pro hac vice* application forthcoming)
54 State Street, 6th Floor
Albany, New York 12207
PH: 518-689-1400
Email: hurstw@gtlaw.com
grygielm@gtlaw.com

*Attorneys for Defendant
Local Media Group, Inc.*

GT 42218945v1